Southard J.
This action was brought against the defendant below, for neglect of duty as a constable; and the plaintiffs in the state of demand, with very unnecessary circumlocution, set forth, in substance, the following facts. That they did, on the 29th August, 1814, obtain a judgment before Simeon Mead, esq. against Mary Griswold, for 45 dollars, debt; that execution thereon, was issued on the same day, and delivered to Joseph Woodruff, constable, and by him -returned; that on the 25th of April and 26th of May, two several executions were issued, delivered to the defendant, and by him returned; that on the 25th of ■September, 1815, another execution was issued and delivered to the defendant; that he had neglected to perform the duty pre*scribed by the 29th section of the act constituting Courts for the trial of Small Causes, by neglecting to levy and make the debt, &c., as with due diligence he might have done : that he did take the body of the defendant, but suffered her to escape, by his own free will *135 and connivance, thereby neglecting and refusing to perform his duty under the 25th section of said act: that he did not return the execution within 30 days, as required by the supplement, passed the 16th of February, 1799, whereby they are prevented from proceeding, &e.
By the transcript of the justice, it appears, that the plaintiffs themselves, returned the first execution delivered to Woodruff, “ not served.”
Three facts are complained of by the plaintiffs, and their claim of debt is founded upon the whole of them. 1. Not making the money under the exection. 2. Suffering the defendant to escape, after she was in custody. And 3-Not returning the execution within 30 days. The duty of the constable, in reference to the two first, is pointed out, in the 25th, 26th, and 27th sections of “ an act, constituting Courts for the trial of Small Causes.” Bloom. 59, 60, 61. And the 29th section of the same act, prescribes, that if the constable, shall not perform any of the duties prescribed by those sections, he “ shall be liable to pay to the person, in whose favour the said execution is issued, the debt or damages and costs, or any of them mentioned therein, to be recovered, by action of debt with, costs,” &c. The action of debt, being then expressly prescribed by the statute, no other can be maintained. The plaintiffs below, were therefore necessarily obliged, to bring that action when they wished redress for the two first charges, which they make against the defendant. In this respect their action and state of demand are correct.
But the plaintiffs cannot find in this statute, a remedy for the third grievance of which they complain ; not returning the execution in 30 days. It does not prescribe the duty of the officer, in that respect; but the supplement passed the 16th February, 1799, {Bloom. 72) after reciting this act, says, “ that the constable to whom any execution shall be delivered by virtue of the before recited act, shall within thirty days thereafter, make return to the justice who issued the same, of the proceedings had thereon, and the justice shall make a record *thereof,” &c. In this supplement, the duty of the officer is very plainly indicated: but it is a duty prescribed, without any penalty annexed, and no mode of enforcing the performance of *136 the dutj’- is pointed out: it is left in the same way as most of the duties of public ministerial officers, being merely prescribed and enjoined; and the party injured by neglect, must seek -the usual remedy, in such cases. If he sues, he must sue in such form of action as the law has provided for a party injured by the neglect of public officers, in performing their duties. This form of action is not debt, but trespass on the case. See 3 Bl. Com. 165, &c. <fcc. The plaintiffs below could then only, lawfully sue the defendant, for the third grievance of which they complain, in an action of trespass on the case. But they have claimed redress on this point, in this action debt. They have united, in the same state of demand, three acts of negligence, for two of which, only debt will lie, and for the other, case is the proper remedy. They have blended the two actions together, which ought always to be kept distinct and separate; and therefore the judgment ought in my opinion to be reversed.
Judgment affirmed.